## Pickup, Appellant, v. Philadelphia & Reading Railway Company.

*Railroads—Use of streets—Construction of watch-box on sidewalk—Municipal consent—Injunction.*

A railroad company cannot be enjoined by a property owner from constructing a watch-box partly upon the owner's sidewalk, where it appears that the company has the consent of the city for such construction, that the watch-box is to be used in connection with a safety gate and is of proper construction, and that the erection of the box wholly within the street would interfere with the use of the driveway, and as constructed on the sidewalk would leave ample room for the passage of pedestrians.

Argued Oct. 13, 1905. Appeal, No. 121, Oct. T., 1905, by plaintiff, from decree of C. P. No. 5, Phila. Co., June T., 1903, No. 4176, dismissing bill in equity in case of Mary Hannah Pickup and Manayunk Trust Company, Trustees, v. Philadelphia & Reading Railway Company. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

632 PICKUP, Appellant, v. PHILA. & R. RY. CO.

Statement of Facts—Opinion of the Court. [29 Pa. Superior Ct.

Bill in equity for an injunction. Before DAVIS, J.
The facts are stated in the opinion of the Superior Court.

*Error assigned* was decree dismissing the bill.

*F. S. Cantrell, Jr.*, with him *F. S. Cantrell*, for appellant.—
Plaintiff was entitled to the equitable relief which she sought:
Jones v. R. R. Co., 169 Pa. 333; Bly v. White Deer Mountain
Water Co., 197 Pa. 80; Wilson v. R. R. Co., 5 W. N. C. 185;
Patent v. R. R. Co., 14 W. N. C. 545; Reimer's App., 100 Pa.
182.

*John G. Lamb*, for appellee.—The flag-box in question is a
mere part of the railroad. The railroad company could have
constructed it without express power. But the power is cer-
tainly comprehended within the grant to erect and establish
"works, edifices and devices to the said railroad." And it
could be constructed any time after the original building of
the railroad: Cother v. Ry. Co., 2 Phillips, 469; Ridge Turn-
pike v. Stoever, 2 W. & S. 548; Phila., etc., R. R. Co. v. Wil-
liams, 54 Pa. 103; Cleveland, etc., R. R. Co. v. Speer, 56 Pa.
325; Black v. R. R. Co., 58 Pa. 249; Navigation Co. v. North-
ampton County, 8 W. & S. 334.

The whole authority need not be exercised in the beginning
when the demands of business are few. Railroad works may
be enlarged as required: Yost v. Philadelphia & Reading Rail-
road Company, 29 Legal Int. 85.

The right of the appellee to erect such watch-boxes on this
street was expressly decided by the Supreme Court in the case
of Wilson v. P. & R. R. R. Co., 5 W. N. C. 185.

The resolution of councils directing the placing of safety
gates at this crossing was within its authority as having charge
of the regulation and control of the streets, subject to the para-
mount authority of the commonwealth: Southwark R. R. Co.
v. Phila., 47 Pa. 314.

OPINION BY HENDERSON, J., December 11, 1905:

The plaintiffs represent the owners of a lot at the corner of
Crescent and Grape streets, in the city of Philadelphia. The
defendant's tracks are located on Crescent street in front of

the plaintiffs' property, and it is about to erect a safety gate and watch box upon and near the sidewalk in front of this property. To prevent this an injunction is sought. The defendant succeeded to the title and rights of the Philadelphia, Germantown and Norristown Railway Company, which was duly authorized by its charter and supplements to survey, mark and fix such route as the president and directors of the company should deem expedient for a railroad, not exceeding four rods wide, from the borough of Norristown to the city of Philadelphia; and also to make, erect and establish a double-track railroad on the route so laid out, and to erect, make and establish all such works, and devices on such railroad which might by said company be deemed expedient for the purpose of carrying into effect the object of its incorporation. This charter was approved February 17, 1831, and the tracks were laid pursuant to the authority thereby conferred. The city of Philadelphia adopted an ordinance requiring the defendant from October 21, 1902, to erect safety gates at Grape street on the line of the Philadelphia, Germantown and Norristown branch. It was in compliance with the direction of this ordinance that the erection of the structure was undertaken of which the plaintiffs complain. The safety gate adopted for this crossing is of an improved design, requiring the use of pneumatic machinery, and its construction involves the necessity for a watch box which in the present case is five feet wide, seven feet long and nine feet, seven inches high. The box incloses three feet, five inches of the sidewalk, the remainder being on the cartway. The sidewalk is ten feet wide in front of the plaintiffs' property. There is also a small coal box included in the defendant's plan.

It appears from the evidence that the gates can only be worked from the watch box, that the latter is located at the most convenient and practicable place for securing its efficient use; and that the agents of the defendant have exercised care and discretion in its location. The plaintiffs' complaint is not that it is erected on the street, but that it encroaches on the sidewalk. The defendant justifies its action under the powers granted in the charter and under the requirements of the ordinance of October, 1902. It is not contended by the appellants that the structure might not be lawfully placed in

the cartway, and yet the sidewalk is as much a part of the public highway as that over which vehicles pass. The designation of a part of the street for the exclusive use of pedestrians is convenient for the public, but does not give a character to it as private property different from the remainder of the street. The right of the city to control the use of the streets in a reasonable way is undoubted, and the inconvenience to which an adjoining property owner may be subjected is incidental to this right. The special burden cast upon him must be borne in subordination to the public welfare. Many of the structures in use in cities in supplying municipal needs and meeting the demand for convenience in travel, interfere to a greater or less degree with the undisturbed enjoyment of property by the owners. But in most cases, such injuries are a part of the debt which persons so situated owe to the public. The city having lawfully exacted of the defendant the erection of a safety gate at the point in question, and it appearing that the plan adopted is reasonable, we think the action of the defendant is not in excess of its power. The very question was decided in the case of Wilson v. Phila. & Reading Railroad Co., 5 W. N. C. 185, where the authority of the same company to erect a watch box on the same street was recognized. It is true in that case the box was wholly on the driveway, but as already stated that is not a controlling factor so far as the rights of the plaintiff are concerned. Where it appears that ample room remains on the sidewalk for the passage of pedestrians and the removal of the box into the street would interfere with the use of the driveway, an injunction should not be granted.

The action of the court below is warranted by the facts presented.

The decree is affirmed.